**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Case No. 2:18-cr-00075-2** |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **v.** : | |
| : | |
| **NICHOLAS D. GLASSBURN,** : | |
| : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Nicholas D. Glassburn's Motion for Compassionate Release.  Doc. 185.  For the reasons set forth below, the Court **DENIES** Defendant's Motion [#185].

### II. BACKGROUND

On May 11, 2018, Defendant pled guilty to one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances Within 1,000 Feet of a Public Elementary School, in violation of 21 U.S.C. § 846, and one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  On March 8, 2019, Defendant was sentenced to 48-months imprisonment followed by a three-year term of supervised release.  Doc. 154. Defendant is currently being held at FCI Morgantown and is projected to be released on July 25, 2021.

On July 21, 2020, Defendant filed this Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.  Defendant, who is 49-years old, asserts

1

that he suffers from Chronic Obstructive Pulmonary Disease and has yeast and a mass growing in his lungs.  As a result of these medical issues, Defendant asserts that COVID-19 poses a serious threat to his health and safety.

### III. LAW AND ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may -- "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" -- reduce the defendant's term of imprisonment, after considering the applicable factors set forth in 18 U.S.C. § 3553, if extraordinary and compelling reasons warrant such a reduction.  18 U.S.C. § 3582(c)(1)(A).  In considering whether a defendant can satisfy the "extraordinary and compelling" reasons standard, this Court looks to the applicable Sentencing Commission Policy Statement found in U.S.S.G. § 1B1.13.  This Policy Statement sets forth four circumstances under which "extraordinary and compelling" reasons for release may exist, including:

(A) Medical Condition of the Defendant.

. . .

(ii) The defendant is--

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1.

2

As a threshold matter, Defendant has exhausted his administrative remedies within the meaning of 18 U.S.C. § 3582(c)(1)(A).  Defendant submitted a written request for compassionate release to the warden of FCI Morgantown on June 2, 2020.  On July 9, 2020, the warden denied Defendant's request.  Further, Defendant waited more than 30 days after the warden received his written request for compassionate release before filing this Motion in federal court on July 21, 2020.  *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf.  To do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his request to the prison.") (quoting 18 U.S.C. § 3582(c)(1)(A)).

Turning next to whether extraordinary and compelling reasons justify release, Defendant submits that his medical conditions, which make him particularly vulnerable to severe illness from COVID-19, meet that criteria.  The Centers for Disease Control and Prevention ("CDC") identifies people with Chronic Obstructive Pulmonary Disease as having an increased risk for severe illness from COVID-19.  Moreover, at least one Court in the Eastern District of Michigan has scrutinized FCI Morgantown's failure to implement important CDC recommendations.  *See United States v. Agomuoh*, 2020 WL 2526113, at *2-3 (E.D. Mich. May 18, 2020).  Given Defendant's age, medical history, and the conditions he describes at FCI Morgantown, the Court finds that Defendant has satisfied his burden of demonstrating "extraordinary and compelling" reasons that could warrant release.  *See United States v. Atwi*, 2020 WL 1910152, at *4 (E.D. Mich. Apr. 20, 2020) ("There can be little doubt that incarcerated individuals face an even greater risk of transmission, given the conditions frequently present in correctional and detention facilities.").

In addition to finding an "extraordinary and compelling" reason for release, however, the Court must consider the factors set forth in 18 U.S.C. § 3553 and determine whether Defendant's release would pose a danger to the community. *See United States v. Agomuoh*, 2020 WL 2526113, at *7 (E.D. Mich. May 18, 2020) ( "There are three components to a compassionate release merits analysis: 1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors—"to the extent they are applicable"—render the reduction inappropriate; and 3) whether Defendant would be a danger to the public."). Amongst the relevant § 3553(a) factors the Court must consider are the nature and circumstances of Defendant's offense, Defendant's criminal history, and the need for the sentence imposed, including consideration of the ability to provide Defendant with necessary medical care.

Here, Defendant's crime of conviction involved the illegal possession of firearms. Specifically, when officers searched Defendant's home, they found 13 firearms and a bulletproof vest. Although possession of a firearm, alone, is not a violent offense, a firearm in the wrong hands has great potential to put others in harm's way. The Court, therefore, has serious concerns about the danger Defendant poses if he were to be released from prison early.

On balance, the Court finds that Defendant has not met his burden of demonstrating that he does not pose a danger to the community if released to home confinement. To be clear, the Court is not indifferent to the severity of Defendant's medical conditions or the complications that may arise from his exposure to COVID-19. But prior to releasing a defendant from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must be convinced that the defendant is not a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13. Given Defendant's conviction for illegally possessing firearms, the Court is not confident that

4

Defendant's early release would pose no danger to the community.  Accordingly, Defendant's Motion for Compassionate Release is **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Compassionate Release [#185].

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 8, 2020**