IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CASE NO. 2:18-CR-00075-ALM-2 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| NICHOLAS D. GLASSBURN, | : |
| | : |
| Defendant. | : |

## **OPINION & ORDER**

### I.  INTRODUCTION

This matter comes before the Court on the Defendant's Amendment of Supporting Documentation to his Motion for Compassionate Release. (ECF No. 194). This Court will consider Defendant's filing as a Motion for Reconsideration of its September 8, 2020 opinion and order denying his Motion for Compassionate Release. (ECF No. 193). For the reasons set forth below, the Defendant's Motion is **DENIED**.

### II.  BACKGROUND

On May 11, 2018, Defendant pled guilty to one count of Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances Within 1,000 Feet of a Public Elementary School, in violation of 21 U.S.C. § 846, and one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On March 8, 2019, Mr. Glassburn was sentenced to 48-months imprisonment followed by a three-year term of supervised release. (ECF No. 154). He is currently being held at FCI Morgantown and is projected to be released on July 25, 2021. On July 21, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), asserting that COVID-19 poses a serious threat to his health and safety

because he suffers from Chronic Obstructive Pulmonary Disease and has yeast and a mass growing in his lungs. (ECF No. 185). The Government filed a response in opposition to Defendant's Motion. (ECF No. 186). On September 8, 2020, this Court denied the Defendant's Motion, finding that the Defendant had not met his burden of demonstrating that he would not pose a danger to the community given his conviction for illegally possessing firearms. (ECF No. 193 at 4).

On September 17, 2020, Mr. Glassburn filed additional documents with this Court in support of his Motion for Compassionate Release. (ECF No. 194). First, he submitted a "Male Pattern Risk Score" dated May 20, 2020, which he submits puts him at minimum risk of recidivism, showing a low risk of the inmate to himself or the community if released back to society. (*Id.*). Second, he attached a letter specifying he is to be released to a residential community program on February 24, 2021, as part of his reentry plan. (*Id.*). Finally, the Defendant filed a Sentencing Monitoring Computation Data Sheet reflecting his home detention eligibility date to be March 2, 2021. (*Id.*). Mr. Glassburn also provided additional details about COVID-19 in his present place of incarceration. (*Id.*).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).[1] Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due

---

[1] While Defendant's filing is not styled as a motion for reconsideration, what he seeks is for this Court to reconsider its September 8, 2020 decision denying his Motion for Compassionate Release. As such, this Court will treat his filing as a motion for reconsideration.

to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality . . . and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id.* A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *3 (S.D. Ohio Mar. 15, 2006).

## IV.    LAW & ANALYSIS

Defendant, in submitting additional information in support of his Motion for Compassionate Release, is imploring this Court to reconsider its decision to deny that motion. Mr. Glassburn submits additional information that he contends is relevant to whether he poses a danger to the community upon release. (ECF No. 194). He also has provided this Court with updated information regarding COVID-19 in West Virginia, where he is currently incarcerated. (*Id.*). Mr. Glassburn then re-asserts his arguments that his health conditions, in light of the COVID-19 pandemic, constitute "extraordinary and compelling reasons" for his compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*Id.*). This Court has already found that Mr. Glassburn's health conditions demonstrated an extraordinary and compelling reason. (ECF No. 194 at 3). After considering the factors set forth in 18 U.S.C. § 3553, this Court determined that it could not find that Defendant's early release "would pose no danger to the community" and denied his Motion for Compassionate Release. (*Id.* at 4–5).

In his Motion, Defendant does not argue that this Court committed a clear error of law, does not present newly discovered evidence, and does not demonstrate an intervening change in controlling law as required for this Court to grant a Motion for Reconsideration. *See Arctic Express, Inc.*, 288 F. Supp. 2d at 900. Neither his Male Pattern Risk score nor his confirmed placement with a residential community program is newly discovered information. Additionally, neither of these pieces of information alters this Court's assessment that it is not confident that Defendant's early release would not place the community at risk, given his conviction for illegal possession of firearms. The remainder of his Motion deals with the risks of COVID-19 and his health conditions, issues which Mr. Glassburn has already prevailed upon before this Court. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003) (noting that "a motion to reconsider should not be used to re-litigate issues previously considered"). Accordingly, this Court rejects Defendant's Motion for Reconsideration. Nothing in this Opinion and Order changes his sentence or impedes his ability to be transferred to the RDAP program on February 24, 2021.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                          /s/ Algenon L. Marbley
                                          **ALGENON L. MARBLEY**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 7, 2020**