**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **Case No. 2:18-cr-075(2)** |
| Plaintiff, : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | |
| **NICHOLAS D. GLASSBURN,** : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Nicholas D. Glassburn's *pro se* Emergency Motion for Reconsideration on His Previous Motion for Compassionate Release. (ECF No. 198). Also before the Court is a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which was filed by Mr. Glassburn's CJA-appointed attorney. (ECF No. 201). The Government filed a Response in Opposition. (ECF No. 202). For the reasons that follow, both motions are **DENIED**.

**II. BACKGROUND**

Mr. Glassburn is serving a prison term following his 2019 convictions for Conspiracy to Possess with the Intent to Distribute and to Distribute Controlled Substances within 1,000 Feet of a Public Elementary School, in violation of 21 U.S.C. § 846; and Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). Mr. Glassburn was sentenced on March 14, 2019 to serve 48 months of imprisonment, followed by three years of supervised release. (ECF No. 154). He is currently being held at FCI Morgantown but has been approved to transfer to the

1

Alvis House on February 24, 2021. (ECF No. 194, Attach. B). Mr. Glassburn is scheduled to be released on July 25, 2021. (ECF No. 195).

On July 21, 2020, Mr. Glassburn filed a Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 185). On September 8, 2020, this Court denied Mr. Glassburn's motion (the "Denial Order"). (ECF No. 193). Specifically, this Court found that Mr. Glassburn had not met his burden in showing that he no longer poses a danger to the community and concluded that the § 3553(a) factors counseled against his early release. (*Id.* at 4−5). Mr. Glassburn then submitted an Amendment of Supporting Documentation and Facts to Defendant's Motion for Compassionate Release ("Amendment of Supporting Documentation" or "Supporting Documentation"), which was docketed approximately nine days after the Court issued the Denial Order. (ECF No. 194). This Court construed the Supporting Documentation as a Motion for Reconsideration and denied it because Mr. Glassburn did not show that the Court had made a clear error of law in the Denial Order. (ECF NO. 195).

On December 10, 2020, Mr. Glassburn filed an Emergency Motion for Reconsideration of his previous Motion for Compassionate Release. (ECF No. 198). His CJA-appointed counsel, Mr. Joseph Edwards, also filed a Motion for Compassionate Release on January 19, 2021. (ECF No. 201). The Government responded in opposition on February 2, 2021. (ECF No. 202). This matter is now ripe for the Court's review.

### III. LAW & ANALYSIS

#### A. Emergency Motion for Reconsideration

Mr. Glassburn included three attachments to his Amendment of Supporting Documentation: (1) a "Male Pattern Risk Score"; (2) a letter indicating that he is to be released to the residential community program, the Alvis House, on February 24, 2021; and (3) a Sentencing

2

Monitoring Computation Data Sheet reflecting his home detention eligibility. (*Id.*). Mr. Glassburn also provided additional details about COVID-19 in his present place of incarceration. (*Id.*). This Court treated the Supporting Documentation as a motion for reconsideration because "what he [sought was] for this Court to reconsider its September 8, 2020 decision denying his Motion for Compassionate Release." (*Id.* at fn. 1).

Mr. Glassburn argues that the Court erred in treating the Supporting Documentation he submitted as a motion for reconsideration. He contends that he submitted the filing to this Court on September 8, 2020—the same day that the Denial Order was issued. (ECF No. 198 at 2). Upon further inspection, this Court notes that the Clerk's Office time-stamped the Supporting Documentation on September 8, 2020 but did not docket it until September 17, 2020. (ECF No. 194 at 1). The Court therefore acknowledges that the Supporting Documentation did not constitute a motion for reconsideration but rather was an untimely supplement to his original motion for compassionate release. This relabeling, however, amounts to a distinction without a difference. Regardless of how the Court construes the Supporting Documentation, the Court's holding in the Denial Order remains the same.

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." Owner *Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).' Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances, such as complete failure to address an issue or claim" or "superseding factual scenarios." *McQueen v.*

3

*Comm'r of IRS*, No. 2:15-CV-2777, 2016 WL 4702373, at *1 (S.D. Ohio Aug. 22, 2016); *McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int 7 Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)).

The Court's treatment of the Supporting Documents as a motion for reconsideration rather than as a supplement to Mr. Glassburn's motion for compassionate release is not a clear error of law. First, some of the supplemental information that Mr. Glassburn submitted pertained to his health conditions and instances of COVID-19 at his current institution. This information does not show that the Court either failed to consider an issue or present superseding factual circumstances because the Court found in its Denial Order that Mr. Glassburn's health conditions constituted an extraordinary and compelling reason that could justify his release. (ECF No. 193 at 3). Second, prior to Mr. Glassburn's submission of the Supporting Documentation, this Court both had access to and considered the Male Pattern Risk score, the letter confirming his placement at the Alvis House, and the Sentencing Monitoring Computation Data Sheet when it issued its Denial Order. The information these documents present do not constitute superseding factual circumstances or a missed issue that the Court should have considered, had it considered the Supporting Documents a supplement rather than a motion for reconsideration. Nor do they alter this Court's assessment that Mr. Glassburn's early release could place the community at risk, given his conviction for illegal possession of firearms. Indeed, this Court fully considered each issue relevant to making a compassionate release determination in its Denial Order. For these reasons, the Court **DENIES** Mr. Glassburn's Emergency Motion for Reconsideration [#198].

### B. Motion for Compassionate Release

Mr. Glassburn's counsel, Mr. Edwards, also filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A)(i). (ECF No. 201). In considering this motion, the Court does

not revisit whether Mr. Glassburn exhausted his administrative rights or whether his health issues raise an extraordinary and compelling reason to justify his early release. The Court previously ruled on these issues in Mr. Glassburn's favor in the Denial Order. At issue here is whether Mr. Glassburn, through Mr. Edwards, has demonstrated that he no longer poses a danger to his community.

Mr. Edwards points to a few factors in support of his contention that Mr. Glassburn does not pose any risk to the community. Primarily, he emphasizes that Mr. Glassburn has maintained two jobs throughout his time of incarceration, has completed the R.D.A.P. program and taken A.C.E. classes while at FCI Morgantown, and has arranged three employment opportunities for when he is released. Mr. Edwards also cites Mr. Glassburn's strong desire to rebuild his relationship with his partner and four children and to care for his elderly parents and their property. For these reasons, he asks the Court to release him on home confinement rather than have him transfer to the Alvis House.

The Court commends Mr. Glassburn for securing post-release employment, planning to strengthen his familial relationships, and aspiring to assist his parents. These facts, however, do not change the Court's determination that Mr. Glassburn could pose a risk to the community due to his conviction for illegal possession of firearms. When officers searched Mr. Glassburn's home in connection with the crimes underlying his current incarceration, they found 13 firearms and a bulletproof vest. The Court has serious concerns about the danger Mr. Glassburn could pose if were released from detention early.

Accordingly, the Court finds that the safety of the public will best be served by Mr. Glassburn's fulfillment of his original sentence. Mr. Glassburn's Motion for Compassionate Release is therefore **DENIED**.

## IV. CONCLUSION

For the reasons set for the above, this Court **DENIES** Mr. Glassburn's Emergency Motion for Reconsideration [#198] and his Motion for Compassionate Release [#201].

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

**DATED: February 16, 2021**